FISCHBACH & FISCHBACH, A LAW CORPORATION
8200 WILSHIRE BLVD. SUITE 424
BEVERLY HILLS, CALIFORNIA 90211

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Dr. August F. Wendorff, individually and as Trustee of the A. F. Wendorff Family Trust, and derivatively on behalf of Waco-Wendorff, LP, a Delaware Limited Partnership**<br><br><br>**Plaintiff,**<br><br>**vs.**<br><br>**Mark Alan Kaufman, Kaufman Properties Inc.,MAK Properties Texas, LLC, a California LLC, fka Mark Alan Kaufman Properties, Inc., a California Corporation, Mark Kaufman Properties Management Services, LLC, a California LLC,  fka Mark Kaufman Properties, Inc., a California Corporation Kaufman Parkdale Shopping Center, LLC, an unknown state entity, Waco PSC, L.P., Waco Wendorff, L.P., Waco Parkdale, L.P., Tiara Parkdale, L.P., Waco Parkdale Shopping Center, an unincorporated Co-Tenancy of the Waco PSC, LP, Waco Wendorff, LP, Waco Parkdale, LP, Tiara Parkdale, LP, Mona Kaufman individually and as trustee of the Mak's Management Services Profit Sharing Plan and Trust a business** | Case No.:  CV 14-7835-GW(SHx)<br><br>*[Assigned for all purposes to Honorable Judge George H. Wu, Courtroom 10]*<br><br><br><br>**PROTECTIVE ORDER RE SALE INFORMATION AND DOCUMENTATION** |

-1-

**JOINT REPORT STATUS CONFERENCE JANUARY 12, 2015**

FISCHBACH & FISCHBACH, A LAW CORPORATION
8200 WILSHIRE BLVD. SUITE 424
BEVERLY HILLS, CALIFORNIA 90211

| | |
|---|---|
| 1 | entity form unknown , and DOES ) 1-5 inclusive, ) |
| 2 | ) Defendants. ) |
| 3 | ) |
| 4 | Mark Alan Kaufman, Waco PSC, ) LP, Waco Parkdale, LP, Tiara ) Parkdale, L.P., Waco Wendorff, LP, ) |
| 5 | and MAK Properties, Texas, LLC ) Third Party Plaintiffs, ) |
| 6 | ) |
| 7 | vs ) |
| 8 | Dr. August F. Wendorff, ) Individually and as Trustee of the ) |
| 9 | A.F. Wendorff Family Trust and ) Paul Sears ) |
| 10 | ) Third Party Defendants. ) |

1   entity form unknown , and DOES
2   1-5 inclusive,

            **Defendants.**

3
4   **Mark Alan Kaufman, Waco PSC,**
    **LP, Waco Parkdale, LP, Tiara**
5   **Parkdale, L.P., Waco Wendorff, LP,**
    **and MAK Properties, Texas, LLC**
6   **Third Party Plaintiffs,**

7                **vs**

8   **Dr. August F. Wendorff,**
    **Individually and as Trustee of the**
9   **A.F. Wendorff Family Trust and**
    **Paul Sears**
10
    **Third Party Defendants.**

11
12          Pursuant to the agreement of the Parties to this action through their
13   counsel set forth in their Joint Status Report of December 9, 2014, the Court
14   issues the following   Protective Order, which shall be applicable upon Court
15   approval and govern the monitoring by   Plaintiffs' counsel of the underlying
16   purchase and sale of the Parkdale Shopping Center.

17      1.  In connection with the Purchase and Sale of the Parkdale Shopping Center,
18          the transaction shall be handled by Mark Kaufman, the Manager of  the
19          [disputed] General Partner MAK Properties Texas, LLC and their counsel,
20          Paul M. Hittelman, or his designees, in accordance with normal
21          commercial practices, with the agreements of Seller and Purchaser set
22          forth in the final Purchase and Sale Agreement and separate Escrow
23          Instructions, if any. Plaintiff agrees but reserves all claims in connection
24          with the replacement of the General partner. The fully executed Letter of
25          Intent shall, immediately upon Court approval hereof,  be provided to
26          Plaintiffs' attorney. The final version of the Purchase and Sale Agreement,
27
28

**JOINT REPORT STATUS CONFERENCE JANUARY 12, 2015**

duly executed by all parties thereto, shall be provided to counsel for the Plaintiffs within 24 hours of the final signatures.

2.  Plaintiff's counsel shall be entitled to communicate directly with the Purchaser's counsel, but not the Purchaser unless at the request of the Purchaser or its counsel (which request shall be immediately communicated upon receipt to Defendants' counsel),  in connection with the transaction on an ongoing basis under the following conditions.  The initial contact with the Purchaser's counsel shall be made in a joint telephone call among counsel for Plaintiff, Defendants and the Purchaser. Plaintiffs' counsel shall therein be introduced as counsel for a Limited Partner seeking to be kept advised of the progress of the sale and to be provided with all transactional documents and with copies of all communications among counsel for the Seller and Purchaser.  After the initial introductory conversation, Plaintiff's counsel may communicate with the Purchaser's counsel to inquire concerning the status of the transaction but shall advise Defendants' counsel of each contact and provide concurrent copies of all written communications, including emails, sent to or received from Defendants' counsel    Plaintiffs' counsel shall not disparage Defendants, nor discuss the merits of the underlying litigation in this matter or the allegations, defenses and the positions taken by any Party herein   If asked, Plaintiffs' counsel shall merely state that the Parties are engaged in a civil dispute, and that Plaintiffs' counsel is prohibited from discussing the merits of this action, the allegations and the defenses and the positions taken by any Party herein.  Plaintiffs' counsel

FISCHBACH & FISCHBACH, A LAW CORPORATION
8200 WILSHIRE BLVD. SUITE 424
BEVERLY HILLS, CALIFORNIA 90211

**JOINT REPORT STATUS CONFERENCE JANUARY 12, 2015**

shall also inform the Purchaser's Counsel of the Plaintiffs' support for the sale and of Plaintiff's agreement to provide the Withdrawal of the Lis Pendens prior to, and its use conditioned upon, the closing of Escrow. Plaintiff's counsel may answer any other questions propounded by the Purchaser's counsel that do not violate the foregoing proscriptions. Plaintiffs' counsel shall be entitled to request of and receive from Purchaser's counsel, copies of all correspondence and other communications related to the Purchase and Sale, including but not limited to all communications with Defendants' counsel and Escrow, all demands and requests made by the Purchaser or Defendant or Defendant's counsel, and copies of all communications and documentation related to the transaction and payment of fees, commissions, or any other type of consideration to any Defendant, directly or indirectly.

3. Plaintiffs' counsel shall be entitled to request of and receive from Defendant's counsel copies of all material received by Seller concerning the Purchaser's business, transactional documents, correspondence and other communications related to the Purchase and Sale, including, but not limited to, all communications with Escrow, all demands and requests made by the Purchaser, by Defendant or Defendant's counsel, and copies of all communications and documentation related to the transaction and payment of fees, commissions, or any other type of consideration to any Defendant, directly or indirectly.

4. All communications and information received in connection here with shall be treated by the Plaintiffs as **CONFIDENTIA**L. All Documents,

**JOINT REPORT STATUS CONFERENCE JANUARY 12, 2015**

Information or other materials which are **CONFIDENTIAL** shall be used by the Plaintiffs solely for purposes of the proposed sale  and the recipient, be it Counsel or Plaintiff,, shall not disseminate or disclose such information to anyone except to the Parties **absent mutal agreement and/or Court Order** to this action.  Any request of a non-party for such information shall be referred to Defendants' counsel; disputes shall be resolved by judicial action . Documents or information which are received as **CONFIDENTIAL**, shall not be used for any business or purpose unrelated to the proposed sale unless agreed to in writing by all Parties.

5. **CONFIDENTIAL     INFORMATION,     COMMUNICATIONS     OR MATERIALS, except as otherwise provided above,** may be disclosed and accessible only to the following:

(a)     August F. Wendorff, Paul Sears, C. P  A. and Mark Kaufman, each of whom, by his signature below,  agrees to be bound hereby and to refrain from disseminating any materials or information covered hereby;

(b)     The attorneys of record and associated attorneys for the Parties to this litigation employees of such attorneys and consultants to such attorneys to whom it is necessary that the material be shown for the purposes of this action, each of whom whall be required as a condition of disclosure to sign a copy hereof thereby agreeing to be bound hereby and to refrain from disseminating any materials covered hereby ;

(c)     Such other persons as hereafter may be designated by written agreement of all Parties in this action or by order of the Court; and

**JOINT REPORT STATUS CONFERENCE JANUARY 12, 2015**

FISCHBACH & FISCHBACH, A LAW CORPORATION
8200 WILSHIRE BLVD. SUITE 424
BEVERLY HILLS, CALIFORNIA 90211

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FISCHBACH & FISCHBACH, A LAW CORPORATION
8200 WILSHIRE BLVD, SUITE 424
BEVERLY HILLS, CALIFORNIA 90211

(d)   If attorneys of record and associated attorneys for a party desire to show, distribute or disclose any ""**CONFIDENTIAL**" material to any persons other than those referred to in paragraph (a) through (c) above, such attorneys shall inform the Defendants' counsel in writing of the identity of the persons to whom they wish to communicate the information, and what information or documents such attorneys desires to disclose.   Defendants' counsel will then have fifteen (15) business court days to indicate, by written notice, a good faith objection to such disclosure or communication.   If counsel objects within the fifteen (15) business court day period to disclosure to the identified person, disclosure may be made only on such terms as the Court may order.

   IT IS SO ORDERED:

Dated: January 12, 2015   _____

   GEORGE H. WU, U.S. District Judge

**JOINT REPORT STATUS CONFERENCE JANUARY 12, 2015**